United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-60542
Summary Calendar
_____

SALIM AHMED ALI,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 007 925
--------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Salim Ahmed Ali, a native and citizen of Pakistan, petitions for review of the order of the

Board of Immigration Appeals (BIA) adopting and affirming the immigration judge's (IJ) decision

denying his application for withholding of removal, filed pursuant to 8 U.S.C. § 1231(b)(3).

Because the BIA adopted the IJ's decision, the IJ's decision is the final agency determination

for judicial review. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We will uphold the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

finding that an alien is not eligible for withholding of removal if that finding is supported by substantial evidence. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). The substantial evidence standard requires that the IJ's decision be based on the record evidence and that the decision be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Under this standard, the IJ's determination will be affirmed unless the "evidence compels a contrary conclusion." *Id.*

Our review of the record reveals that the IJ's decision was substantially reasonable. *Carbajal-Gonzalez*, 78 F.3d at 197. As determined by the IJ, other than the affidavits of his brothers, Ali failed to produce documentary evidence supporting his claims that he was (1) forced to pay bribes, (2) targeted for writing and publishing anti-government articles, (3) arrested by the police, and (4) hospitalized for injuries inflicted by government agents. Ali also failed to establish by objective evidence that he was a member of the Mohajir Quami Movement (MQM). Accordingly, even if members of MQM still face persecution, Ali has not demonstrated that he would be targeted as a member of that group.

Moreover, accepting Ali's testimony at face value, he further fails to demonstrate that the alleged isolated incidents of mistreatment establish a "clear probability" that he would be persecuted upon his return to Pakistan. This court has held that similar allegations of mistreatment do not rise to the level of persecution. *See, e.g., Fleurinor v. INS*, 585 F.2d 129, 132 (5th Cir. 1978). Ali also admitted that his mother has remained in the same neighborhood without incident. Because the evidence does not compel a contrary conclusion, *Carbajal-Gonzalez*, 78 F.3d at 197, the petition for review is DENIED.